UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18-cv-80257-RLR

MABELLE MEYAART a/k/a MAI
MEYAART,
        Plaintiff,

   v.

TRAVEL LEADERS GROUP, LLC., d/b/a
and s/k/a TRAVEL LEADERS GROUP,
NINAN CHACKO and JOHN LOVELL,
        Defendants.

_____/

## **DEFENDANT TRAVEL LEADERS GROUP, LLC.'S ANSWER TO COMPLAINT**

Defendant, Travel Leaders Group, LLC. (TLG) answers Plaintiff 's complaint and hereby:

1. Admits that the complaint purports to be an action brought under various claims as alleged in paragraph 1 of the complaint, but denies any liability therefor.

2. States that it is without knowledge as to the truth of the allegations in paragraph 2 of the complaint.

3. States that it is without knowledge as to the truth of the allegations in paragraph 3 of the complaint.

4. States that it is without knowledge as to the truth of the allegations in paragraph 4 of the complaint.

5. Admits that part of the quoted material in paragraph 5 of the complaint is on the website of Defendant TLG.

6. Admits that Defendant, Ninan Chacko, is the CEO and an employee of Defendant TLG as alleged in paragraph 6 of the complaint.

7. Admits that Defendant, John Lovell, is employed by Defendant TLG as the President of Travel Leaders Network LLC and Travel Leaders Leisure Group, LLC and states that it is without knowledge as to the truth of the remaining allegations in paragraph 7 of the complaint.

8. States that it is without knowledge as to the truth of the allegations in paragraph 8 of the complaint.

9. Denies the allegations in paragraph 9 of the complaint.

10. Denies the allegations in paragraph 10 of the complaint.

11. Denies the allegations in paragraph 11 of the complaint.

12. States that it is without knowledge as to the truth of the allegations in paragraph 12 of the complaint.

13. Admits that Plaintiff was employed from about June 25, 2012 until July 24, 2017, and denies the remaining allegations in paragraph 13 of the complaint

14. Admits that Plaintiff was hired to strengthen and improve the existing hotel program and create some new parts and denies the remaining allegations in paragraph 14 of the complaint.

15. Admits that Plaintiff's title was Vice President as described in subparagraphs 15 (B) and (C) and denies the remaining allegations in paragraph 15 of the complaint.

16. Admits that Plaintiff had the job functions in subparagraphs A-E but denies the remaining allegations in paragraph 16 of the complaint.

17. Admits that some of her duties were performed well but denies the remaining allegations in paragraph 17 of the complaint.

18. Denies the allegations in paragraph 18 of the complaint to the extent that such allegations ignore the contributions of the entire hotel team.

19. Denies the allegations in paragraph 19 of the complaint to the extent that such allegations ignore the contributions of the entire hotel team.

20. Admits that Plaintiff achieved some success at Travel Leaders Group but denies the allegations in paragraph 20 of the complaint to the extent that they characterize the success as consistently high and to the extent that such allegations ignore the recognition and contributions of the entire hotel team.

21. Denies the allegations in paragraph 21 of the complaint to the extent that such allegations ignore the recognition and contributions of the entire hotel team.

22. Admits that Catharina Suryaatmadja recognized Plaintiff as contributing to the success of the Hotel Division as alleged in paragraph 22 of the complaint.

23. Denies the allegations in paragraph 23 of the complaint.

24. Admits that she received the note from Mr. Chacko alleged in paragraph 24 of the complaint.

25. Denies the allegations in paragraph 25 of the complaint.

26. Admits that Plaintiff was offered the Destination Marketing position, a similarly titled and salaried role, which she declined, and that there were other positions she was considered for and denies the remaining allegations in paragraph 26 of the complaint.

27. Denies the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

30. Admits that after Plaintiff turned down the Destination Marketing position, John Lovell had no other roles for her and denies that Plaintiff was qualified for the Senior Vice President of Strategic Partnerships position alleged in paragraph 30 of the complaint.

31. Denies the allegations in paragraph 31 of the complaint.

32. Denies the allegations in paragraph 32 of the complaint.

33. Denies the allegations in paragraph 33 of the complaint.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Denies the allegations in paragraph 37 of the complaint.

38. Admits the titles of the individuals named and that Catharina Suryaatmadja is aware of all employees' compensation in the Hotel Division and was aware of the success of the Hotel Division under Plaintiff's leadership and denies the remaining allegations in paragraph 38 and each sub-paragraph under paragraph 38 of the complaint.

39. Denies the allegations in paragraph 39 of the complaint.

40. Denies the allegations in paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 and each sub-paragraph under paragraph 41 of the complaint.

42. Denies the allegations in paragraph 42 of the complaint.

43. Denies the allegations in paragraph 43 of the complaint.

44. Denies the allegations in paragraph 44 of the complaint.

45. Denies the allegations in paragraph 45 of the complaint.

46. Denies the allegations in paragraph 46 and each sub-paragraph under paragraph 46 of the complaint.

47. Denies the allegations in paragraph 47 and each sub-paragraph under paragraph 47 of the complaint.

48. Denies the allegations in paragraph 48 of the complaint.

49. Denies the allegations in paragraph 49 of the complaint.

50. Denies the allegations in paragraph 50 of the complaint.

51. Denies the allegations in paragraph 51 of the complaint.

52. States that it is without knowledge as to the truth of the allegations in paragraph 52 of the complaint.

53. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 53 of the complaint.

54. States that the Equal Pay Act speaks for itself and denies any inconsistent allegations therewith in paragraph 54 of the complaint.

55. Denies the allegations in paragraph 55 of the complaint.

56. Denies the allegations in paragraph 56 of the complaint.

57. Denies the allegations in paragraph 57 and each subparagraph under paragraph 57 of the complaint.

58. Denies the allegations in paragraph 58 and each subparagraph under paragraph 58 of the complaint.

59. Denies the allegations in paragraph 59 and each subparagraph under paragraph 59 of the complaint.

60. Denies the allegations in paragraph 60 of the complaint.

61. Denies the allegations in paragraph 61 of the complaint.

62. Denies the allegations in paragraph 62 of the complaint.

63. Denies the allegations in paragraph 63 of the complaint.

64. Denies the allegations in paragraph 64 of the complaint.

65. Denies the allegations in paragraph 65 of the complaint.

66. Denies the allegations in paragraph 66 of the complaint.

67. Denies the allegations in paragraph 67 of the complaint.

68. Denies the allegations in paragraph 68 of the complaint.

69. Denies the allegations in paragraph 69 of the complaint.

70. Denies the allegations in paragraph 70 of the complaint.

71. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 71 of the complaint.

72. Denies the allegations in paragraph 72 and each subparagraph under paragraph 72 of the complaint.

73. Denies the allegations in paragraph 73 of the complaint.

74. Denies the allegations in paragraph 74 and each subparagraph under paragraph 74 of the complaint.

75. Denies the allegations in paragraph 75 of the complaint.

76. Denies the allegations in paragraph 76 of the complaint.

77. Denies the allegations in paragraph 77 of the complaint.

78. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 78 of the complaint.

79. Denies the allegations in paragraph 79 of the complaint.

80. Denies the allegations in paragraph 80 of the complaint.

81. Denies the allegations in paragraph 81 of the complaint.

82. Denies the allegations in paragraph 82 of the complaint.

83. Denies the allegations in paragraph 83 of the complaint.

84. Denies the allegations in paragraph 84 of the complaint.

85. Denies the allegations in paragraph 85 of the complaint.

86. Denies the allegations in paragraph 86 of the complaint.

87. Denies the allegations in paragraph 87 of the complaint.

88. Denies the allegations in paragraph 88 of the complaint.

89. Denies the allegations in paragraph 89 of the complaint.

90. Denies the allegations in paragraph 90 of the complaint.

91. Denies the allegations in paragraph 91 of the complaint.

92. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 92 of the complaint.

93. Admits that Mr. Chacko and Mr. Lovell were supervisors and superior to Plaintiff and denies the remaining allegations in paragraph 93 of the complaint.

94. Denies the allegations in paragraph 94 of the complaint.

95. Denies the allegations in paragraph 95 of the complaint.

96. Denies the allegations in paragraph 96 of the complaint.

97. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 97 of the complaint.

98. Denies the allegations in paragraph 98 of the complaint.

99. Denies the allegations in paragraph 99 of the complaint.

100. States that it is without knowledge as to the truth of the allegations in paragraph 100 of the complaint.

101. Denies the allegations in paragraph 101 of the complaint.

102. Denies the allegations in paragraph 102 of the complaint.

103. Denies the allegations in paragraph 103 of the complaint.

104. Re-states its answers to paragraphs 1-52 as they are re-alleged in paragraph 104 of the complaint.

105. Denies the allegations in paragraph 105 of the complaint.

106. Denies the allegations in paragraph 106 of the complaint.

107. Denies the allegations in paragraph 107 of the complaint.

108. Denies the allegations in paragraph 108 of the complaint.

109. Denies the allegations in paragraph 109 of the complaint.

110. States that it is without knowledge as to the truth of the allegations in paragraph 110 of the complaint.

111. Denies the allegations in paragraph 111 of the complaint.

112. Denies the allegations in paragraph 112 of the complaint.

113. Denies the allegations in paragraph 113 of the complaint.

114. Denies the allegations in paragraph 114 of the complaint.

115. Denies each and every allegation in the complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Having responded to the Complaint and without prejudice to its denials and other statements of its pleadings, Defendant TLG asserts the following affirmative defenses.

By asserting the following affirmative and other defenses, Defendant TLG does not assume any burden of production or proof that it does not otherwise have.

116. The exemptions of 29 U.S.C. § 206(d)(1)(i)-(iv) preclude recovery by Plaintiff for the claims asserted in the Complaint as Plaintiff's compensation was based on factors other than sex.

117. Plaintiff's liquidated damages claims are barred by the Portal to Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing they were not in violation of the FLSA and Equal Pay Act.

118. Some or all of Plaintiff's claims are time barred by the applicable statute of limitations under the FLSA, 29 U.S.C. § 255.

119. Any and all actions Defendant TLG took with respect to Plaintiff's employment were for legitimate, non-discriminatory, and non-retaliatory reasons and were taken in the good-faith exercise of reasonable business judgment.

120. Any and all actions Defendant TLG took with respect to Plaintiff's employment were for reasons other than gender or retaliation.

121. Defendant TLG would have made the same employment decision(s) even in the absence of any alleged impermissible considerations.

122. Plaintiff's complaint fails to state a cause of action in that it fails to allege an actual violation of a law, rule or regulation by Defendant TLG and there was in fact no actual violation of law, rule or regulation by Defendant TLG as required under the Florida Whistleblower's Act.

123. Plaintiff's complaint fails to state a cause of action in that it fails to allege violation of a law applicable to the employer, Defendant TLG, and pertaining to the business of Defendant TLG, as required under the Florida Whistleblower's Act.

124. To the extent Plaintiff has failed to make a reasonable effort to seek or retain other comparable employment, her claim should be reduced or barred for failure to mitigate her damages.

125. The value of any interim earnings by Plaintiff must be offset against any claim in this action.

126. If the evidence shows that Plaintiff's negligence contributed to the damages claimed by Plaintiff, then any recovery by Plaintiff on her claims of negligence must be reduced and affected by the degree to which Plaintiff's own negligence caused or contributed to the alleged damages pursuant to comparative negligence.

127. Plaintiff's claims of negligence fail to state a cause of action and are barred by the impact rule as Plaintiff fails to allege and did not suffer any physical impact.

128. Plaintiff's claims of negligence fail to state a cause of action and are barred for failure to allege any injury resulting from an underlying tort recognized under Florida common law. Florida law does not recognize a common law cause of action for sexual harassment.

129. If the evidence shows that other parties caused or contributed to Plaintiff's alleged damages, Defendant TLG cannot be liable for more than its proportional share of the liability of all those who caused or contributed to Plaintiff's alleged damages.

130. Any award to the Plaintiff should be reduced by the total of all amounts which have been paid for the benefit of Plaintiff or which are otherwise available to her.

131. To the extent that the alleged defamatory statements were matters of opinion, they were protected by freedom of speech under the United States Constitution and the Florida Constitution.

132. To the extent that the alleged defamatory statements were true or substantially true and were made with good motives, Plaintiffs' claim for defamation should be barred.

133. To the extent that the alleged defamatory statements were made in good faith to those with a common interest in the subject of the statements, they are privileged.

134. To the extent that any of the alleged defamatory statements were made more than two years prior to the filing of this action, the cause is barred by the limitations period in Fla. Stat. §95.11.

135. To the extent that the alleged defamatory statements constituted fair comment on Plaintiffs' public activities, they are privileged.

136. To the extent that the alleged defamatory statements were made in the course of a judicial or quasi-judicial proceeding, they are privileged.

137. To the extent that any of the alleged defamatory statements were not published to a third party, no cause of action lies against Defendant TLG.

138. Defendant TLG has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant TLG further reserves the right to amend its answer and defenses accordingly and to delete defenses that it determines are not applicable during the course of discovery.

WHEREFORE, having fully answered the Complaint and having raised legal defenses thereto, Defendant TLG respectfully requests that this action be dismissed with prejudice in its entirety, that judgment be entered in favor of Defendant TLG, and that Defendant TLG be awarded its costs, including reasonable attorney's fees incurred in defending this lawsuit.

Dated:  February 28, 2018.

                                                By:  /s/Thomas A. Groendyke  
                                                Thomas A. Groendyke, Esquire  
                                                Florida Bar No: 180849  
                                                MCGUINNESS & CICERO  
                                                1000 Sawgrass Corporate Parkway, Suite 590  
                                                Sunrise, Florida   33323  
                                                Main (954) 838-8832 / Fax (954) 838-8842  
                                                Primary E-mail:	tgroendyke@dmc-atty.com  
                                                Secondary E-mail:	eservice@dmc-atty.com  
                                                                    acali@dmc-atty.com  
                                                Attorneys for Defendant, Travel Leaders Group, LLC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/*Thomas A. Groendyke
Thomas A. Groendyke, Esquire
Florida Bar No: 180849

**SERVICE LIST**

Mabelle Meyaart a/k/a Mai Meyaart
v.
Travel Leaders Group, LLC., d/b/a/ and s/k/a
Travel Leaders Group, Ninan Chacko and John Lovell
Case No.  9:18-cv-80257-RLR
United States District Court
Southern District of Florida
West Palm Beach Division


Steven L. Schwarzberg, Esquire
SCHWARZBERG & ASSOCIATES
2751 S. Dixie Highway, Suite 400
West Palm Beach, FL 33405
Primary E-mail:  steve@schwarzberglaw.com
Secondary E-mail:  mail@schwarzberglaw.com
Attorneys for Plaintiff, Mabelle Meyaart a/k/a Mai Meyaart

Kelly B. Holbrook, Esquire
Of Counsel
BROAD AND CASSEL
100 N. Tampa St, Suite 3500
Tampa, FL 33602
Primary E-mail:  kholbrook@broadandcassel.com
Attorneys for Defendants, Ninan Chacko and John Lovell