**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

|  |  |
|---|---|
| MABELLE MEYAART<br>a/k/a MAI MEYAART,<br><br>     Plaintiff,<br><br>vs.<br><br>TRAVEL LEADERS GROUP, LLC, d/b/a and<br>s/k/a TRAVEL LEADERS GROUP, NINAN<br>CHACKO and JOHN LOVELL,<br><br>     Defendants. | Case No. 9-18-cv-80257-RLR |

## DEFENDANT, JOHN LOVELL'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, John Lovell, individually ("Mr. Lovell"), through undersigned counsel, hereby files his Answer to Plaintiff's Complaint and states as follows:

### General Allegations

1. Mr. Lovell admits that Plaintiff filed her Complaint seeking monetary relief in excess of fifteen thousand dollars ($15,000) against Defendants based on various claims, including, but not limited to, the Equal Pay Act, Florida's Whistleblower Act, defamation, negligent hiring, training, supervision and retention, and tortious interference. Mr. Lovell denies that Plaintiff is entitled to any of the relief sought in her Complaint. Mr. Lovell denies any allegations not specifically admitted in paragraph 1 of the Complaint.

2. Mr. Lovell admits the allegations in paragraph 2 of the Complaint.

3. Mr. Lovell admits that Plaintiff worked for Travel Leaders Group. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 3 of the Complaint.

4. Mr. Lovell is without sufficient knowledge to admit or deny the allegations in paragraph 4 of the Complaint. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 4 of the Complaint.

5. Mr. Lovell admits that text quoted in paragraph 5 is the same or similar to what is listed on the Travel Leaders Group website (https://www.travelleadersgroup.com/). Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 5 of the Complaint.

6. Mr. Lovell admits that Defendant, Ninan Chacko, is the current CEO and an employee of Defendant Travel Leaders Group.

7. Mr. Lovell admits that he is a current President and an employee of Travel Leaders Group. Mr. Lovell also admits that he is a Florida resident.

8. Mr. Lovell admits that he acted within the scope of his employment during his employment with Travel Leaders Group. Whether Travel Leaders Group is bound by the actions of Mr. Lovell and/or Mr. Chacko calls for a legal conclusion to which no response is necessary. Mr. Lovell is without sufficient knowledge to admit or deny the remaining allegations in paragraph 8 of the Complaint. To the extent a response is necessary, Mr. Lovell denies the remaining allegations in paragraph 8 of the Complaint.

9. Mr. Lovell denies the allegations in paragraph 9 of the Complaint.

10. Mr. Lovell denies the allegations in paragraph 10 of the Complaint.

11. Mr. Lovell denies the allegations in paragraph 11 of the Complaint.

12. Mr. Lovell is without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint. To the extent that a response is necessary, Mr. Lovell denies the allegations in paragraph 12 of the Complaint.

13. Mr. Lovell admits that Plaintiff worked for Travel Leaders Group from about June 25, 2012 until July 24, 2017. Mr. Lovell denies that Plaintiff was "unceremoniously and wrongfully terminated without cause" – after the company decided to eliminate her position (along with other employees' positions in the Engagement Department), Travel Leaders Group offered her another position with the same pay and similar title. Plaintiff declined that position. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 13 of the Complaint.

14. Mr. Lovell admits that Travel Leaders Group hired Plaintiff to strengthen and improve the existing hotel program. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 14 of the Complaint.

15. Mr. Lovell admits that Plaintiff held the title of Vice President but is without sufficient knowledge to admit or deny the remaining allegations in paragraph 15 of the Complaint.

16. Mr. Lovell is without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 16 of the Complaint.

17. Mr. Lovell admits that he observed Plaintiff perform some of her duties well. However, Mr. Lovell had no direct supervision, interaction, or knowledge regarding all of her duties and has never seen an annual review regarding Plaintiff. Mr. Lovell is thus without sufficient knowledge to admit or deny the remaining allegations not specifically admitted in paragraph 17 of the Complaint. To the extent a response is necessary, Mr. Lovell denies the remaining allegations in paragraph 17 of the Complaint.

18. Mr. Lovell denies the allegations in paragraph 18 of the Complaint to the extent that such allegations ignore the contributions of the entire hotel team.

19. Mr. Lovell denies the allegations in paragraph 19 of the Complaint to the extent that such allegations ignore the contributions of the entire hotel team.

20. Mr. Lovell admits that Plaintiff achieved some success at Travel Leaders Group but denies the allegations in paragraph 20 of the Complaint to the extent that they characterize the success as consistently high and to the extent that such allegations ignore the recognition and contributions of the entire hotel team.

21. Mr. Lovell denies the allegations in paragraph 21 of the Complaint to the extent that such allegations ignore the recognition and contributions of the entire hotel team.

22. Mr. Lovell admits that Catharina Suryaatmadja, the Financial Controller, recognized Plaintiff as contributing to the success of the Hotel Division as alleged in paragraph 22 of the Complaint.  Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 22 of the Complaint.

23. Mr. Lovell is without sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint.  To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 23 of the Complaint.

24. Mr. Lovell admits that Plaintiff received a form note from Mr. Chacko as alleged in paragraph 24 of the Complaint.  Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 24 of the Complaint.

25. Mr. Lovell denies the allegations in paragraph 25 of the Complaint.

26. Mr. Lovell admits that, instead of terminating Plaintiff, Travel Leaders offered Plaintiff the Destination Marketing position, which is a position with a similar title and the same salary.  Plaintiff declined that position.  Mr. Lovell also admits that Travel Leaders considered

Plaintiff for other positions. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 26 of the Complaint.

27. Mr. Lovell denies the allegations in paragraph 27 of the Complaint.

28. Mr. Lovell denies that the "Mistreatment" exists. Mr. Lovell denies the remaining allegations in paragraph 28 of the Complaint.

29. Mr. Lovell denies the allegations in paragraph 29 of the Complaint.

30. Mr. Lovell admits that after Plaintiff declined the Destination Marketing position (with the same pay and similar title), there were no other roles for her, so she left the company. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 30 of the Complaint.

31. Mr. Lovell denies the allegations in paragraph 31 of the Complaint – Travel Leaders Group did offer Plaintiff a new position with the same salary and similar title. Plaintiff declined that position. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 31 of the Complaint.

32. Mr. Lovell denies the allegations in paragraph 32 of the Complaint – Travel Leaders Group did offer Plaintiff a new position with the same salary and similar title. Plaintiff declined that position. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 32 of the Complaint.

33. Mr. Lovell denies the allegations in paragraph 33 of the Complaint.

34. Mr. Lovell denies the allegations in paragraph 34 of the Complaint.

35. Mr. Lovell denies the allegations in paragraph 35 of the Complaint – Plaintiff was involved in extensive discussions regarding the elimination of her position (as well as other employees' positions within her Department). Plaintiff also had numerous discussions regarding

the new position Travel Leaders Group offered her with the same salary and similar title. After these negotiations, Plaintiff declined the new position. Mr. Lovell denies the remaining allegations not specifically admitted in paragraph 35 of the Complaint.

36. Mr. Lovell denies that the Mistreatment exists. Mr. Lovell also denies the allegations regarding the "Travel Leaders Group Warped Culture." By way of example, Mr. Lovell had eight (8) direct reports – four (4) were male and four (4) were female. Mr. Lovell treated them all equally. Mr. Lovell denies the remaining allegations in paragraph 36 of the Complaint.

37. Mr. Lovell denies the allegations in paragraph 37 of the Complaint.

38. Mr. Lovell denies the allegations in paragraph 38 of the Complaint, including subparagraphs (A) through (H).

39. Mr. Lovell denies the allegations in paragraph 39 of the Complaint.

40. Mr. Lovell denies the allegations in paragraph 40 of the Complaint.

41. Mr. Lovell denies the allegations in paragraph 41, including subparagraphs (A) through (E).

42. Mr. Lovell denies the allegations in paragraph 42 of the Complaint.

43. Mr. Lovell denies the allegations in paragraph 43 of the Complaint – Plaintiff decided to reject an offer of continued employment from Travel Leaders Group even though it had the same salary and a similar title.

44. Mr. Lovell denies the allegations in paragraph 44 of the Complaint.

45. Mr. Lovell denies the allegations in paragraph 45 of the Complaint – there was a male employee who was terminated when Travel Leaders Group decided to eliminate positions within Plaintiff's Department.

46. Mr. Lovell denies the allegations in paragraph 46(A) – during his over twenty six (26) year career of managing employees, Mr. Lovell has never had one sexual harassment complaint made against him, and in this case, he absolutely never solicited Plaintiff for sex, made lewd comments, leered at her and/or commented on her appearance. Mr. Lovell admits that he met with Plaintiff on February 7, 2017, but denies that it was his request because Plaintiff requested the meeting. Mr. Lovell denies that he asked Plaintiff if she "was interested" in another position within the company; to the contrary, Plaintiff asked Mr. Lovell to see if there was another position available for her. Mr. Lovell did so and Plaintiff was offered the Destination Marketing position. Mr. Lovell denies ever telling another acquaintance, in Plaintiff's presence, that he "was horny," as alleged in paragraph 26(A). Mr. Lovell also denies staring at Plaintiff's breasts. Mr. Lovell denies the remaining allegations in paragraph 46(A) and (C). Mr. Lovell is without sufficient knowledge to admit or deny the allegations in subparagraph 46(B) because they do not involve him. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 46(B).

47. Mr. Lovell denies the allegations in paragraph 47 of the Complaint, including subparagraphs 47(A) through (L).

48. The allegations in paragraph 48 of the Complaint call for a legal conclusion to which no response is necessary. To the extent that a response is necessary, Mr. Lovell denies the allegations in paragraph 48 of the Complaint.

49. Mr. Lovell denies the allegations in paragraph 49 of the Complaint.

50. Mr. Lovell denies the allegations in paragraph 50 of the Complaint.

51. Mr. Lovell denies the allegations in paragraph 51 of the Complaint.

52. Mr. Lovell is without sufficient knowledge to admit or deny the allegations in paragraph 52 of the Complaint. To the extent that a response is necessary, Mr. Lovell denies the allegations in paragraph 52 of the Complaint.

## COUNT I
## EQUAL PAY ACT, 29 USC SECTION 206

53. Mr. Lovell restates and reallages his answers to paragraphs 1-52 as if they were fully set forth herein.

54. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 54 of the Complaint.

55. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 55 of the Complaint.

56. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 56 of the Complaint.

57. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 57 of the Complaint.

58. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 58 of the Complaint.

59. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 59 of the Complaint.

60. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 60 of the Complaint.

61. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 61 of the Complaint.

62. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 62 of the Complaint.

63. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 63 of the Complaint.

64. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 64 of the Complaint.

65. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 65 of the Complaint.

66. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 66 of the Complaint.

67. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 67 of the Complaint.

68. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 68 of the Complaint.

69. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 69 of the Complaint.

70. The allegations in Count I are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 70 of the Complaint.

**COUNT II**
**VIOLATION OF FLA. STAT. § 448.101 et. seq.**
**FLORIDA WHISTLEBLOWER ACT**

71. Mr. Lovell restates and reallages his answers to paragraphs 1-52 as if they were fully set forth herein.

72. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 72 of the Complaint.

73. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 73 of the Complaint.

74. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 74 of the Complaint.

75. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 75 of the Complaint.

76. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 76 of the Complaint.

77. The allegations in Count II are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 77 of the Complaint.

## COUNT III
## NEGLIGENCE

78. Mr. Lovell restates and realleges his answers to paragraphs 1-52 as if they were fully set forth herein.

79. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 79 of the Complaint.

80. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 80 of the Complaint.

81. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 81 of the Complaint.

82. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 82 of the Complaint.

83. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 83 of the Complaint.

84. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 84 of the Complaint.

85. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 85 of the Complaint.

86. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 86 of the Complaint.

87. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 87 of the Complaint.

88. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 88 of the Complaint.

89. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 89 of the Complaint.

90. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 90 of the Complaint.

91. The allegations in Count III are against Travel Leaders Group, not Mr. Lovell, so a response from Mr. Lovell is not necessary. To the extent a response is necessary, Mr. Lovell denies the allegations in paragraph 91 of the Complaint.

**COUNT IV**
**TORTIOUS INTERFERENCE**

92. Mr. Lovell restates and realleges his answers to paragraphs 1-52 as if they were fully set forth herein.

93. Mr. Lovell admits that he and Mr. Chacko held the positions of President and CEO, which have a supervisory role over Plaintiff, but denies that they were Plaintiff's direct supervisors. Mr. Lovell denies the remaining allegations in paragraph 93 of the Complaint.

94. Mr. Lovell denies the allegations in paragraph 94 of the Complaint.

95. Mr. Lovell denies the allegations in paragraph 95 of the Complaint.

96. Mr. Lovell denies the allegations in paragraph 96 of the Complaint.

## COUNT V
## DEFAMATION PER SE

97. Mr. Lovell restates and reallages his answers to paragraphs 1-52 as if they were fully set forth herein.

98. Mr. Lovell denies the allegations in paragraph 98 of the Complaint.

99. Mr. Lovell denies the allegations in paragraph 99 of the Complaint.

100. Mr. Lovell denies the allegations in paragraph 100 of the Complaint.

101. Mr. Lovell denies the allegations in paragraph 101 of the Complaint.

102. Mr. Lovell denies the allegations in paragraph 102 of the Complaint.

103. Mr. Lovell denies the allegations in paragraphs 103 of the Complaint.

## COUNT VI
## DEFAMATION BY IMPLICATION

104. Mr. Lovell restates and reallages his answers to paragraphs 1-52 as if they were fully set forth herein.

105. Mr. Lovell denies allegations in paragraph 105 of the Complaint.

106. Mr. Lovell denies allegations in paragraph 106 of the Complaint.

107. Mr. Lovell denies the allegations in paragraph 107 of the Complaint.

108. Mr. Lovell denies the allegations in paragraph 108 of the Complaint.

109. Mr. Lovell denies the allegations in paragraph 110 of the Complaint.

110. Mr. Lovell denies the allegations in paragraphs 111 of the Complaint.

111. Mr. Lovell denies the allegations in paragraph 112 of the Complaint.

112. Mr. Lovell denies the allegations in paragraphs 113 of the Complaint.

113. Mr. Lovell denies the allegations in paragraph 114 of the Complaint.

114. Mr. Lovell denies the allegations in paragraphs 111 of the Complaint.

**AFFIRMATIVE DEFENSES**

Mr. Lovell asserts the following defenses and affirmative defenses, and reserves the right to assert other affirmative defenses, defenses or claims, when and if they become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue, fact, or element of a claim to which the applicable law places the burden of proof on a party other than Mr. Lovell.

**First Affirmative Defense:**

Count IV for Tortious Interference is barred because Mr. Lovell assisted Plaintiff in obtaining a new job offer from Travel Leaders Group (with the same salary and similar title), which she rejected. Plaintiff could still be employed if she accepted that job offer. Mr. Lovell is not the proximate cause of Plaintiff not currently working for Travel Leaders Group.

**Second Affirmative Defense:**

Count IV for Tortious Interference is barred because Plaintiff was an "at will" employee who could be terminated at any time. As "a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Gossard v. Adia Services, Inc.*, 723 So. 2d 182, 184 (Fla. 1998) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812 (Fla. 1994)).

**Third Affirmative Defense:**

Count IV for Tortious Interference is barred because Mr. Lovell, as the President of Travel Leaders Group, is not a stranger to the employment relationship and he had a beneficial or economic interest in, or control over, that relationship. *See Wilson v. EverBank, N.A.*, 77 F. Supp.3d 1202 (S.D. Fla. 2015) (explaining that a person's interference with another's business relationship is

justified where the "defendant is not a stranger to a business relationship [or] if the defendant has any beneficial or economic interest in, or control over, that relationship"); *see also Johnson Enters. Of Jacksonville, Inc. v. FPL Group, Inc.* 162 F.2d 1290, 1321 (11th Cir. 1998)  ("Florida law recognizes the principal that actions taken to safeguard or protect one's financial interest, so long as improper means are not employed…")).

**Fourth Affirmative Defense:**

Counts V and VI for defamation are barred because any statements Mr. Lovell made about Plaintiff were true.

**Fifth Affirmative Defense:**

As to Counts V and VI for defamation, is impossible for Mr. Lovell to properly defend himself against Plaintiff's defamation claims because she has not alleged sufficient facts about the alleged statements, to whom they were made, or when they were made.  However, if Mr. Lovell made any statements regarding Plaintiff's performance to Travel Leaders Group or prospective employers, the qualified privilege bars any cause of action for defamation because a "communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation."  *See Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1984) (citing *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906)).

**Seventh Affirmative Defense:**

As to Counts V and VI for defamation, is impossible for Mr. Lovell to properly defend himself against Plaintiff's defamation claims because she has not alleged sufficient facts about the alleged statements, to whom they were made, or when they were made. However, to the extent Mr. Lovell

discussed Plaintiff's performance with prospective employers, those discussions were truthful and Mr. Lovell is immune from liability under Section 768.095.Fla. Stat., which states:

> An employer who discloses information about a former or current employee to a prospective employer of the former or current employee upon request of the prospective employer or of the former or current employee is immune from civil liability for such disclosure or its consequences unless it is shown by clear and convincing evidence that the information disclosed by the former or current employer was knowingly false or violated any civil right of the former or current employee protected under chapter 760."

Fla. Stat. 768.095; *see also Bush v. Raytheon Co.,* 373 Fed. Appx. 936, 941 (11th Cir. 2010) (explaining that "an employer has a qualified privilege when the employer discloses information about a current or former employee to a prospective employer.").

**Eighth Affirmative Defense:**

As to Counts V and VI for defamation, is impossible for Mr. Lovell to properly defend himself against Plaintiff's defamation claims because she has not alleged sufficient facts about the alleged statements, to whom they were made, or when they were made.  However, to the extent Mr. Lovell discussed Plaintiff's performance with third parties, his statements were pure opinion and cannot support a claim for defamation.  *See Five for Entertainment S.A. v. Rodriguez,* 2013 WL 4433420 at *9 (S.D. Fla. August 15, 2013) (quoting *Stembridge v. Mintz*, 652 So. 2d 444, 446 (Fla. 3d DCA 1995)).

**Ninth Affirmative Defense:**

As to Counts V and VI for defamation, is impossible for Mr. Lovell to properly defend himself against Plaintiff's defamation claims because she has not alleged sufficient facts about the alleged statements, to whom they were made, or when they were made.  However, Plaintiff did contact Mr. Lovell numerous times, asking him to forward her resume to his personal and business contacts.  To the extent Plaintiff claims that Mr. Lovell's contact with prospective employers on

Plaintiff's behalf constitutes defamation, those claims are barred by the doctrine of "invited defamation." *See Litman v. Massachusetts Mut. Life Ins. Co.*, 739 F.2d 1549, 1560 (11th Cir. 1984); *Lopez v. Ingram Micro, Inc*., 10 Fla. L. Weekly D635 (S.D. Fla. Mar. 18, 1997).

**Tenth Affirmative Defense:**

As to Counts V and VI for defamation, Plaintiff has not identified any time period for the alleged defamatory statements. The statute of limitations will bar any alleged defamatory statements made more than two years prior to the filing of this action. *See* Fla. Stat. §95.11.

WHEREFORE, Defendant John Lovell respectfully requests that this action be dismissed with prejudice in its entirety, that judgment be entered in favor of John Lovell, and that John Lovell be awarded its costs, including reasonable attorney's fees incurred in defending this lawsuit.

DATED:   March 14, 2018         /s/ Kelly B. Holbrook
                                KELLY B. HOLBROOK
                                Florida Bar No. 527084
                                kholbrook@broadandcassel.com
                                ralicea@broadandcassel.com
                                LISA GRIFFIN HODGDON
                                Florida Bar No. 137774
                                lhodgdon@broadandcassel.com
                                ralicea@broadandcassel.com
                                BROAD AND CASSEL LLP
                                100 North Tampa Street, Suite 3500
                                Tampa, Florida  33602
                                Telephone:  (813) 225-3020
                                Facsimile:  (813) 225-3039
                                *Attorneys for Defendants Ninan Chacko and John Lovell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2018, a true and correct copy of the foregoing was filed using the Court's CM/ECF System, which will send a notice of electronic filing to the following CM/ECF participants:

Steven L. Schwarzberg, Esquire
Florida Bar No: 306134
SCHWARZBERG & ASSOCIATES
2751 S. Dixie Highway, Suite 400
West Palm Beach, Florida 33405
Tel: (561) 659-3300
Fax: (561) 693-4540
Primary E-mail: steve@schwarzberglaw.com
Secondary E-mail: mail@schwarzberglaw.com;
*Attorneys for Plaintiff, Mabelle Meyaart a/k/a Mai Meyaart*

Thomas A. Groendyke, Esquire
Florida Bar No: 180849
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main: (954) 838-8832
Fax: (954) 838-8842
Primary E-mail: tgroendyke@dmc-atty.com
Secondary E-mail: eservice@dmc-atty.com
acali@dmc-atty.com
*Attorneys for Defendant, Travel Leaders Group, LLC*

                                          s/ Kelly B. Holbrook
                                          KELLY B. HOLBROOK, ESQ.