UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number: 9-18-cv-80257-RLR

MABELLE MEYAART
a/k/a MAI MEYAART,

    Plaintiff,

v.

TRAVEL LEADERS GROUP, LLC,
d/b/a and s/k/a TRAVEL LEADERS GROUP,
NINAN CHACKO and JOHN LOVELL

    Defendants.
_____/

## JOINT STIPULATION FOR ENTRY OF AGREED CONFIDENTIALITY ORDER

Plaintiff, Mabelle Meyaart a/k/a Mai Meyaart and Defendants, Travel Leaders Group, LLC d/b/a and s/k/a Travel Leaders Group, Ninan Chacko and John Lovell (collectively, the "Parties") by and through their undersigned counsel, jointly stipulate and move the Court for entry of the Agreed Confidentiality Order, attached hereto as Exhibit "1."

Respectfully submitted on this 18th day of May, 2018.

By: *Steven L. Schwarzberg*     By: *Cheryl L. Wilke*     By: *Kelly B. Holbrook*

| Steven L. Schwarzberg, Esq. | Cheryl L. Wilke, Esq. | Kelly B. Holbrook, Esq. |
|---|---|---|
| Fla. Bar. No.: 0306134 | Fla. Bar No.: 893780 | Fla. Bar No. 527084 |
| **SCHWARZBERG & ASSOCIATES** | **HINSHAW & CULBERTSON LLP** | **BROAD AND CASSEL LLP** |
| *Counsel for Plaintiff* | *Counsel for Defendant, Travel Leaders Group* | *Counsel for Defendants, Ninan Chacko and John Lovell* |
| 2751 S. Dixie Highway | One East Broward Boulevard | 100 North Tampa Street |
| Suite 400 | Suite 1010 | Suite 3500 |
| West Palm Beach, FL 33405 | Ft. Lauderdale, FL 33301 | Tampa, Florida 33602 |
| Tel: (561) 659-3300 | Tel: (954) 467-7900 | Tel: (813) 225-3020 |
| Fax: (561) 693-4540 | Fax: (954) 467-1024 | Fax: (813) 225-3039 |

Dated: May 18, 2018      Dated: May 18, 2018      Dated: May 18, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number: 9-18-cv-80257-RLR

MABELLE MEYAART
a/k/a MAI MEYAART,

    Plaintiff,

v.

TRAVEL LEADERS GROUP, LLC,
d/b/a and s/k/a TRAVEL LEADERS GROUP,
NINAN CHACKO and JOHN LOVELL

    Defendants.
_____/

**AGREED CONFIDENTIALITY ORDER**

THIS CAUSE came before the Court on the Parties' Joint Stipulation for Entry of Agreed Confidentiality Order and the Court, having been advised that the Parties agree to the entry of this Order, having reviewed the pleadings and being otherwise advised in the premises, it is hereby

**ORDERED and ADJUDGED**:

1.    Scope. All materials produced or adduced in the course of discovery, including documents produced, information derived directly therefrom (hereinafter collectively "documents" as defined below) and deposition testimony, shall be subject to this Order concerning confidential information as defined below.

2.    As used herein, the following words have the meanings set forth below:

    a) "this action" and "this litigation" means the above-captioned action (as amended, from time to time, if applicable);

**EXHIBIT 1**

b) "party" means any person or entity named as a party in this action and any heir, successor or assign of such person or entity;

c) "disclosed," "furnished" or "submitted" means, without limitation, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part;

d) "documents" shall refer to any documents produced during the course of discovery in this case by any of the Parties;

e) "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain confidential information.

f) "non-public documents" means those documents that have not already been disseminated to the public, recorded or filed in a public or governmental data base available to the public, or provided to a public agency obligated to provide copies of such documents to the public upon request pursuant to a public records law.

g) "confidential information" means information designated during the course of this litigation as "Confidential" by the producing party, and which falls within one or more of the following categories (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) personnel or employment records of a person who is not a party to the case; (v) deposition testimony identified on the record or through a Notice of Designation as "Confidential;" (vi) personal identity information;

    (vii) income tax returns (including attached schedules and forms); and W-2 forms and 1099 forms.

3. This Agreed Confidentiality Order shall apply to all documents produced and/or confidential information disclosed by the Parties during the course of the litigation.

4. Deposition testimony is protected by this Order when designated as "Confidential" on the record at the time the testimony is taken or within 30 days after the delivery of the transcript by the court reporter to the party disclosing the information. Within 30 days after delivery of the transcript to the party disclosing the information, the designating party may serve a Notice of Designation to all parties of record identifying specific portions of the transcript that are designated as confidential information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

5. The non-public documents stamped "Confidential" and the confidential information designated or identified as "Confidential" subject to this Agreed Confidentiality Order shall not be disclosed to any person other than:

  a) Attorneys for the parties to this action, including in-house attorneys, and support personnel (including paralegals and clerical support);

  b) Each party, including such party's officers, directors, partners, employees, members and managing agents who are directly involved with or have an interest in the conduct of this action;

  c) Witnesses and potential witnesses in this action to whom disclosure is reasonably necessary, including disclosure during their depositions. Witnesses shall not retain a copy of documents containing confidential information, except

  witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as confidential information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

d) Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

e) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

f) Independent experts retained for preparation of this litigation;

g) The Court, the officers of the Court and such other personnel as may be authorized by the Court;

h) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information;

i) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

j) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. The documents and/or confidential information shall not be disclosed to those identified in paragraphs 5(c), 5(d), 5(h), 5(i), and 5(j), until after such persons have completed a certification of an Acknowledgment of Understanding and Agreement to Be Bound in the form attached hereto as Exhibit "A". All individuals listed in paragraphs 5(b) and 5(f) will be informed of the duty to maintain confidentiality under this Order prior to any disclosure.

7. In addition, the documents and/or confidential information must remain in the custody and control of the attorney(s) (including outside counsel of record and in-house counsel) to whom they are produced or non-employee experts of the parties for use in the preparation and prosecution of the party's claims or defenses in this action. Only counsel of record to this action, in-house counsel and non-employee experts may review documents stamped "Confidential." No party, absent a Court order, may copy, review or maintain possession of any documents stamped "Confidential."

8. The documents and/or confidential information shall be used solely in connection with pretrial proceedings, preparation for trial, trial, or other proceedings in this litigation. The documents and/or confidential information shall not be used for any other purpose, including but not limited to, business, governmental, media, commercial, administrative, unrelated judicial proceedings, or any other purpose whatsoever by any person or entity having access to such material. Filing of, reference to, or use of documents including any documents marked "Confidential," in connection with or in support of or opposition to any pretrial motion(s) in this action shall not be deemed a violation of this Order.

9. The Party producing confidential documents or disclosing confidential information shall mark the documents or identify the confidential information intended to be confidential as "Confidential" in a manner that will not interfere with the legibility of the document prior to

5

disclosure or within the timeframe identified in paragraph 3 with respect to any Notice of Designation. The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

10. Before any individual described in paragraph nos. 6 (b-j) hereof may be permitted access to the documents so marked or confidential information so designated, such individual shall have been advised by counsel of the existence of this Agreed Confidentiality Order and shall have been advised that violation of the terms of the order may result in court-imposed sanctions. Counsel for a party who intends to make disclosure of the documents or confidential information to any individual described in subparagraphs 6 (b-j) shall be responsible for so advising the individual and shall so represent to the Court or to counsel for any other party upon request. Any party who objects to the designation by any other party of any document(s) or confidential information as "Confidential" may request, at any time during the pendency of this litigation, through and including trial, that the designation be removed by the Court.

11. In the event a party wishes to file confidential information with the Court, that party shall first consult with the party who designated such material as confidential to determine whether agreement may be reached on an informal basis to file such material without filing under seal. Upon expiration of five (5) calendar days, if no agreement is reached, the non-filing party shall move to permit the filing of the confidential information at issue under seal following the Procedure for Filings Under Seal contained under Local Rule 5.4.

12. Upon the conclusion of the trial and of any appeals or upon other final disposition of this action, the confidential documents (and all copies, abstracts, or compilations thereof) received under the provisions of this Agreed Confidentiality Order shall be returned to the

producing Party's counsel, or, in the alternative, shall be destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return. Documents returned should be the producing party's cost; documents destroyed should be at the receiving party's cost. The provisions of this Agreed Confidentiality Order insofar as they restrict the communication and use of the documents shall, absent written permission of the producing Party or further order of the Court, continue to be binding on all persons subject to the terms of this Agreed Confidentiality Order, notwithstanding the entry of any judgment or dismissal herein. Notwithstanding the provisions of this Agreed Confidentiality Order, upon dismissal of this action, a party which produced a document and designated it as Confidential or disclosed confidential information pursuant to this Order during the course of this action may use his/her/its document and/or confidential information after such dismissal as if this Order had not been entered, provided that such person/entity is otherwise legally permitted to use such document and/or confidential information. If the document and/or confidential information were misappropriated from another, nothing in this Order or paragraph is intended or should be interpreted to mean the document or confidential information may be used.

13.     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated confidential information so long as that work product does not duplicate verbatim substantial portions of confidential information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained confidential information shall continue to be protected under this Order. An attorney may use his

or her work product in subsequent litigation, provided that its use does not disclose, reproduce or use the confidential information.

14.     If any party receives a subpoena seeking or court order requiring the production of the documents or disclosure of confidential information, that party shall give notice within five (5) business days of receipt of such subpoena or court order to the producing Party, and in no event less than two business days prior to time for production of the documents or disclosure of the confidential information pursuant to the subpoena or court order.  Upon giving such notice, and in the absence of a court order preventing the production of the documents and/or disclosure of the confidential information, the party receiving the subpoena or court order may comply therewith without violating this Agreed Confidentiality Order.

Where notice to the Plaintiff, Mabelle Meyaart, is required under this Agreed Confidentiality Order, such notice shall be forwarded to:  Attorneys for Plaintiff, Steven L. Schwarzberg, Esq., steve@schwarzberglaw.com, Schwarzberg & Associates, 2751 S. Dixie Highway, Ste. 400, West Palm Beach, FL 33405.  Where notice to Defendant, Travel Leaders Group, LLC, is required under this Agreed Confidentiality Order, such notice shall be forwarded to Attorney for Defendant, Travel Leaders Group, LLC, Cheryl L. Wilke, Esq., cwilke@hinshawlaw.com, Hinshaw & Culbertson LLP, One East Broward Boulevard, Ste. 1010, Ft. Lauderdale, FL 33301.  Where notice to Defendants, Ninan Chacko and/or John Lovell, is required under this Agreed Confidentiality Order, such notice shall be forwarded to Attorney for Defendants, Ninan Chacko and John Lovell, Kelly B. Holbrook, Esq., kholbrook@broadandcassel.com, Broad and Cassel LLP, 100 North Tampa Street, Ste. 3500, Tampa, Florida 33602.

15. The designation as "Confidential" of the documents and/or confidential information in accordance with this Agreed Confidentiality Order is intended solely to facilitate the preparation and trial of this action. Such designation shall not be construed as an admission or concession that the designated information contains trade secrets or proprietary business information or is otherwise confidential. Conversely, failure to so designate any information shall not constitute a waiver of any claim outside this litigation that such writings or confidential information do contain trade secrets, proprietary information or are otherwise confidential. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

16. Challenges by a Party to Designation as confidential information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

> a) Meet and Confer. A party challenging the designation of confidential information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.
>
> b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material

and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential information under the terms of this Order.

17. Any discovery material that is inadvertently produced without designation as to its confidential nature may be designated confidential discovery material by the producing party within a reasonable period following the discovery that such material has been produced without such designation. However, deposition testimony that are not identified as "Confidential" through a Notice of Designation within the timeframe specified in paragraph 3 will act as a waiver of the protection of the deposition testimony.

18. Prior to the trial of this case, the parties shall confer and agree upon the best means to preserve the confidentiality of the documents and/or confidential information during the trial of this action.

19. Neither the mere entry of this Agreed Confidentiality Order nor the Parties' agreeing to its entry shall: a) constitute any waiver of any claims or defenses by any Party in this action; b) be construed as imposing a duty upon any party to produce documents or information; or c) be understood to be pre-determination by the Court as to the production of any particular documents or confidential information.

20. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms

21. This Order is made based upon agreements of the parties and for the purpose of facilitating discovery.

**DONE AND ORDERED**, in Chambers in West Palm Beach, Palm Beach County, Southern District of Florida this ____ day of May, 2018.

                                                ROBIN ROSENBERG
                                                UNITED STATES DISTRICT JUDGE

Copies Furnished to:

| Steven L. Schwarzberg, Esq.<br>steve@schwarzberglaw.com<br>SCHWARZBERG & ASSOCIATES<br>2751 S. Dixie Highway<br>Suite 400<br>West Palm Beach, FL 33405<br>Tel:   (561) 659-3300<br>Fax:   (561) 693-4540<br>*Attorneys for Plaintiff, Mrs. Meyaart* | Cheryl L. Wilke, Esq.<br>cwilke@hinshawlaw.com<br>HINSHAW & CULBERTSON LLP<br>One East Broward Boulevard Suite 1010<br>Ft. Lauderdale, FL 33301<br>Tel:   (954) 467-7900<br>Fax:   (954) 467-1024<br>*Attorneys for Defendant, Travel Leaders Group, LLC* | Kelly B. Holbrook, Esq.<br>kholbrook@broadandcassel.com<br>BROAD AND CASSEL LLP<br>100 North Tampa Street<br>Suite 3500<br>Tampa, Florida 33602<br>Tel:   (813) 225-3020<br>Fax:   (813) 225-3039<br>*Attorney for Defendants, Ninan Chacko and John Lovell* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number: 9-18-cv-80257-RLR

MABELLE MEYAART
a/k/a MAI MEYAART,

    Plaintiff,

v.

TRAVEL LEADERS GROUP, LLC,
d/b/a and s/k/a TRAVEL LEADERS GROUP,
NINAN CHACKO and JOHN LOVELL

    Defendants.
_____/

**Acknowledgment of Understanding and Agreement to Be Bound**

    I, _____, have received a copy of the Agreed Confidentiality Order entered in the above-captioned case and agree to abide by all provisions contained therein.

Name: _____

Signature: _____

Date: _____

STATE OF _____   )
                                      )  ss:
COUNTY OF _____   )

    BEFORE ME, the undersigned authority, personally appeared _____, who, after having been duly sworn, states that he/she has read and fully understands the interrogatories and that the foregoing answers to interrogatories are true and correct. He/she personally appeared before me; [ ] is personally known to me, or [ ] has produced _____ as identification, and [ ] did or [ ] did not take an oath.

**EXHIBIT A**

   WITNESS my hand and official seal in the County and State last aforesaid this \_\_\_\_\_ day of _____, 2018.

[NOTARIAL SEAL]

Notary: _____

Print Name: _____

My commission expires: _____