UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MABELLE MEYAART
a/k/a/ MAI MEYAART,

          Plaintiff,

vs.

Case No.:  9-18-cv-80257-RLR

TRAVEL LEADERS GROUP, LLC d/b/a and
s/k/a TRAVEL LEADERS GROUP, NINAN
CHACKO and JOHN LOVELL,

          Defendants

_____ /

## ANSWER AND AFFIRMATIVE DEFENSES OF TRAVEL LEADERS GROUP, LLC TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendant TRAVEL LEADERS GROUP, LLC, d/b/a and s/k/a TRAVEL LEADERS GROUP, ("TLG") by and through its undersigned counsel hereby provides this Answer and Affirmative Defenses to the Plaintiff, MABELLE MEYAART ("Meyaart") Second Amended Complaint in response to the allegations as follows with affirmative defenses as indicated.

## GENERAL ALLEGATIONS

1.      Denied as to any violations by the Defendant TLG as to any state or federal laws.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Without knowledge of the Plaintiff's residence.

6.      Defendant TLG does not deny the contents of its professional firm's website.

7.      Denied.

8.      Without knowledge as to John Lovell's legal residence.   Admitted as to employment status and title.

9.      Without knowledge as to any actions of Chacko and Lovell which would rise to the level of a hostile work environment.

10.     Admitted as to TLG; without knowledge as to jurisdiction of this Court over Chacko or Lovell

11.     Admitted as to TLG.

12.     Admitted as to TLG only.

13.     Without knowledge as to previous services provided by the Plaintiff.

14.     Denied.

15.     Denied.

16.     Admitted that Plaintiff held multiple positions with Travel Leaders.  Denied as to remaining allegations in Paragraph 16 of the complaint.

17.     Admitted that Plaintiff completed some duties assigned in a satisfactory manner. Denied as to the remaining allegations in Paragraph 17 of the complaint.

18.     Denied.

19.     Denied as stated.  Plaintiff was part of a team who accomplished certain goals and objectives.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Admitted that Plaintiff contributed part of an overall contribution; denied as to any exclusive acts on the part of Meyaart which led to the overall success of the hotel division.

24.     Denied.

25.     Admitted as to a note provided from Mr. Chacko to Meyaart.

26.     Admitted that Plaintiff was offered alternative comparable positions with Travel Leaders and that she declined each offer made.  Denied as to the remaining allegations of Paragraph 26, of the complaint.

27.     Admitted that Plaintiff was offered multiple other positions all of which she denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied including subparts A through H.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied including subparts A through E.

45.     Denied as stated.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied including subparts A through C.

50.     Denied including subparts A through L.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Admitted.

58.     Without knowledge.  Defendant TLG is without knowledge as to the contractural relationship between the Plaintiff and her counsel.  Denied that any attorney's fees are due and owing from TLG.

### COUNT I
### EQUAL PAY ACT, 29 U.S.C. SECTION 206

59.     The Defendant TLG realleges and reasserts the defenses and responses set forth in paragraphs 1 through 58 as if set forth more fully herein.

60.     This is a summary and referenced to a federal statute.  The Defendant TLG denies that there has been any violation of state or federal law including the citation referenced.  TLG also asserts that interpretation of the law in solely in the purview of this Court.

4

61.     Denied.

62.     Denied.

63.     Denied including subparts A through D.

64.     Denied including all listed employees in subparts A through F.

65.     Denied including subparts A through J.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

WHEREFORE, the Defendant TLG denies that any damages in the form of compensation, back pay, liquidated damages, actual damages, attorney's fees or punitive damages are due and owing.

### COUNT II
### VIOLATION OF FLA. STAT. §448.101 et seq.
### FLORIDA WHISTLEBLOWER ACT

78.     The Defendant TLG realleges and reasserts the defenses and responses set forth in paragraphs 1 through 58 as if set forth more fully herein.

5

79.     Denied including subparts A and B.

80.     Denied, as no objections were made by the Plaintiff to the knowledge of  LG.

81.     Denied including subparts A through R.

82.     Denied.

83.     Denied.

84.     Denied.

WHEREFORE, the Defendant TLG requests that this Court deny judgment against
Travel Leaders including denying any requests for compensation, attorney's fees, back pay, front
pay, bonuses, additional lost wages and compensation.

## COURT III
## NEGLIGENT RETENTION

85.     The Defendant TLG realleges and reasserts the defenses and responses set forth in
paragraphs 1 through 58 as if set forth more fully herein.

86.     Admitted as to obligation to create a safe work place.  Denied as to any violation
of this obligation on the part of TLG.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

WHEREFORE, the Defendant TLG requests this Court to deny a judgment including any damages, interest costs or other further relief sought by the Plaintiff including punitive damages pursuant to Fla. Stat. 468.72.

## COUNT IV
## TORTIOUS INTERFERENCE

103.    The Defendant TLG realleges and reasserts the defenses and responses set forth in paragraphs 1 through 58 as if set forth more fully herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court deny any judgment against Mr. Chacko or Mr. Lovell jointly or severally as per Fla. Stat. 468.72.

## COUNT V
## DEFAMINATION PER SE

108.    The Defendant TLG realleges and reasserts the defenses and responses set forth in paragraphs 1 through 58 as if set forth more fully herein.

109.    Defendant TLG is unaware of any publication by Chacko or Lovell of any defamatory statements and therefore denies this paragraph.

110.    Defendant TLG is unaware of any publication by Chacko or Lovell of any defamatory statements and therefore denies this paragraph.

111.    Admitted.

112.    Denied.

113.    Denied.

114.    Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court to deny and judgment against any defendants in this claim pursuant to Fl. Stat 468.72.

<div align="center">

**COUNT VI**
**DEFAMATION BY IMPLICATION**

</div>

115.    The Defendant TLG realleges and reasserts the defenses and responses set forth in paragraphs 1 through 58 as if set forth more fully herein.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied as to the existence of any such statements.

121.    Admitted.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

<div align="center">

8

</div>

WHEREFORE, the Defendant TLG respectfully requests this Court deny any judgment in favor of the Plaintiff including denying any request for damages, interests, costs and punitive fees pursuant to Fla. Stat. 468.72.

## COUNT VII
## GENER DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND 42 U.S.C. §§ 2000(e) et seq,

126.    The Defendants realleges its defenses and statements as set forth in paragraphs 56 through 73 as if set forth more fully herein.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied including subparts A through H.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court deny any request for judgment and damages as set forth in paragraphs A through F of the Plaintiff's WHEREFORE clause for this Count.

## COUNT VIII
## HOSTILE ENVIRONMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND 42 U.S.C. §§ 2000(e) et seq.

135.    The Defendant realleges and reasserts the defenses and statements as set forth in paragraph 56 through 73 as if set forth more fully herein.

136.    Denied.

137.    Denied.

9

138.    Denied.

139.    Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court deny a judgment in favor of the Plaintiff and deny all damages as requested in subparts A through F in this Count's WHEREFORE clause.

<div align="center">

**COUNT IV**
**RETALIATION UNDER TITLE VII OF THE CIVILRIGHTS ACT OF 1964 AS AMENDED AND 42 U.S.C. §§ 2000(e) et seq.**

</div>

140.    The Defendant TLG realleges and reasserts the answers and defenses as set forth in paragraphs 60 through 77 as set forth more fully herein.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court deny any judgment or relief as requested by the Plaintiff including all requests in subparagraphs A through F in this Count's WHEREFORE clause.

301936755v1 1008006

## COUNT V
## GENDER DISCRIMINATION UNDER CHAPTER 760, FLORIDA CIVIL RIGHTS ACT

152.   The Defendant realleges and reasserts its answers and statements as set forth in paragraphs 60 through 77 as if set forth more fully herein.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied including all subparts A through H.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

WHEREFORE, the Defendant TLG respectfully requests this Court deny any judgment and all relief as requested by the Plaintiff in subparts A through F as set forth by the WHEREFORE clause of this Count.

## COUNT XI
## HOSTILE ENVIRONMENT UNDER CHAPTER 760 FLORIDA CIVIL RIGHTS ACT

161.   The Defendant TLG realleges and reasserts the defenses and answers as set forth in paragraphs 60 through 77 as set forth more fully herein.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

11

WHEREFORE, the Defendant TLG respectfully requests this Court deny any judgment or damages in favor of the Plaintiff including all requested damages as set forth in subparts A through F of the WHEREFORE clause of this Count.

## COUNT XII
## RETALIATION UNDER CHAPTER 760, FLORIDA CIVIL RIGHTS ACT

166.    The Defendant TLG realleges and reasserts the defenses and answers as set forth in paragraphs 60 through 77 as if set forth more fully herein.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

WHEREFORE, the Defendant TLG respectfully requests that this Court deny any judgment and damages as requested by the Plaintiff in subparts A through F in the WHEREFORE clause as set forth in this Count.

## AFFIRMATIVE DEFENSES

Having responded to the Complaint and without prejudice to its denials and other statements of its pleadings, Defendant TLG asserts affirmative defenses.  By asserting the

12

following affirmative and other defenses, Defendant TLG does not assume any burden of production or proof that it does not otherwise have.

## AFFIRMATIVE DEFENSE NUMBER ONE

As an affirmative defense to the claim under the Equal Pay Act, apart from the fact that the jobs alleged to be comparable are not equal, the exemptions of 29 U.S.C. § 206(d)(1) preclude recovery by Plaintiff as any pay differentials for the jobs were based on factors other than sex, including, but not limited to, quality of performance by the employee;  economic benefits to the company from such employee's performance; training in specialized area; managerial and leadership skills; quality of relations with co- workers and others; prior salary and more experience; and experience in the area of the job in question, depending on the employee to whom Plaintiff attempts to make a comparison.

## AFFIRMATIVE DEFENSE NUMBER TWO

Plaintiff's liquidated damages claims are barred by the Portal to Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing they were not in violation of the FLSA and Equal Pay Act, for relying on factors, including, but not limited to, quality of performance by the employee; economic benefits to the company from such employee's performance; training in specialized area; managerial and leadership skills; quality of relations with co-workers and others; prior salary and more experience; and experience in the area of the job in question, depending on the employee to whom Plaintiff attempts to make a comparison.

### AFFIRMATIVE DEFENSE NUMBER THREE

Plaintiff's claims under the Equal Pay Act are time barred by the applicable statute of limitations under the FLSA, 29 U.S.C. § 255, to the extent that they accrued more than 2 years prior to the commencement of this action.

### AFFIRMATIVE DEFENSE NUMBER FOUR

Any and all actions Defendant TLG took with respect to Plaintiff's employment were for legitimate, non-discriminatory, and non- retaliatory reasons and were taken in the good-faith exercise of reasonable business judgment and for reasons other than gender or retaliation.

### AFFIRMATIVE DEFENSE NUMBER FIVE

Defendant TLG had an anti-harassment policy, including sexual harassment, and exercised reasonable care to prevent and correct promptly any complaints of sexually harassing behavior and plaintiff failed to take advantage of the preventive and corrective opportunities provided by Defendant TLG or to avoid harm otherwise.

### AFFIRMATIVE DEFENSE NUMBER SIX

Plaintiff's employment was terminated for legitimate non-discriminatory reasons which are not violative of either the Florida Civil Rights Act or any other Florida law.

### AFFIRMATIVE DENFENSE NUMBER SEVEN

Plaintiff has failed to take any action to mitigate her damages by: failing to seek and/or maintain comparable employment with reasonable diligence following her cessation of employment with Defendant.

### AFFIRMATIVE DEFENSE NUMBER EIGHT

Plaintiff's complaint fails to state a cause of action in that it fails to allege an actual violation of a law, rule or regulation by Defendant TLG and there was in fact no actual violation of law, rule or regulation by Defendant TLG as required under the Florida Whistleblower's Act.

### AFFIRMATIVE DEFENSE NUMBER NINE

Plaintiff's complaint fails to state a cause of action in that it fails to allege violation of a law applicable to the employer, Defendant TLG, and pertaining to the business of Defendant TLG, as required under the Florida Whistleblower's Act.

### AFFIRMATIVE DEFENSE NUMBER TEN

Plaintiff failed to mitigate her damages by failing to accept the Destination Marketing position that was offered to her by Defendant and also to the extent that Plaintiff has failed to make a reasonable effort to seek or retain other comparable employment, and any claim for back pay or damages for lost compensation after Plaintiff left the employ of Defendant should be reduced or barred.

### AFFIRMATIVE DEFENSE NUMBER ELEVEN

If Plaintiff suffered any emotional distress as a result of any act or omission by Defendant, then that emotional distress was insufficiently severe to entitle her to recover any damages.

### AFFIRMATIVE DEFENSE NUMBER TWELVE

If the evidence shows that Plaintiff's negligence contributed to the damages claimed by Plaintiff, then any recovery by Plaintiff on her claims of negligence must be reduced and affected by the degree to which Plaintiff's own negligence caused or contributed to the alleged damages pursuant to comparative negligence, including, but not limited to, Plaintiff's failure to follow the

sexual harassment policy of Defendant to report any alleged conduct that she considered to be sexually harassing or discriminatory.

## AFFIRMATIVE DEFENSE NUMBER THIRTEEN

Plaintiff is not entitled to punitive damages because she has failed to plead, and cannot meet, the standard announced in *Speedway SuperAmerica, LLC v. Dupont*, 933 So. 2d 75 (Fla. 2d DCA 2006) and related cases.

## AFFIRMATIVE DEFENSE NUMBER FOURTEEN

Plaintiff's claims of negligence fail to state a cause of action and are barred by the impact rule as Plaintiff fails to allege and did not suffer any physical impact.

## AFFIRMATIVE DEFENSE NUMBER FIFTEEN

Plaintiff's claims of negligence fail to state a cause of action and are barred for failure to allege any injury resulting from an underlying tort recognized under Florida common law. Florida law does not recognize a common law cause of action for sexual harassment.

## AFFIRMATIVE DEFENSE NUMBER SIXTEEN

If the evidence shows that other parties caused or contributed to Plaintiff's alleged damages, Defendant TLG cannot be liable in negligence for more than its proportional share of the liability of all those who caused or contributed to Plaintiff's alleged damages.

## AFFIRMATIVE DEFENSE NUMBER SEVENTEEN

Any award to the Plaintiff under the negligence claim should be reduced by the total of all amounts which have been paid for the benefit of Plaintiff or which are otherwise available to her.

### AFFIRMATIVE DEFENSE NUMBER EIGHTEEN

Plaintiff's defamation claims in Counts V and VI do not allege sufficient facts about the alleged statements, to whom they were made, or when they were made. To the extent that the alleged defamatory statements were matters of opinion, they were protected by freedom of speech under the United States Constitution and the Florida Constitution.

### AFFIRMATIVE DEEFENSE NUMBER NINETEEN

Plaintiff's defamation claims in Counts V and VI do not allege sufficient facts about the alleged statements, to whom they were made, or when they were made. To the extent that the alleged defamatory statements were true or substantially true and were made with good motives, Plaintiffs' claim for defamation should be barred.

### AFFIRMATIVE DEFENSE NUMBER TWENTY

Plaintiff's defamation claims in Counts V and VI do not allege sufficient facts about the alleged statements, to whom they were made, or when they were made. To the extent that the alleged defamatory statements were made in good faith to those with a common interest in the subject of the statements, they are privileged.

### AFFIRMATIVE DEFENSE NUMBER TWENTY-ONE

Plaintiff's defamation claims in Counts V and VI do not allege sufficient facts about the alleged statements, to whom they were made, or when they were made. To the extent that any of the alleged defamatory statements were made more than two years prior to the filing of this action, the cause is barred by the limitations period in Fla. Stat. §95.11.

### AFFIRMATIVE DEFENSE NUMBER TWENTY-TWO

Plaintiff's defamation claims in Counts V and VI do not allege sufficient facts about the alleged statements, to whom they were made, or when they were made. To the extent that the

alleged defamatory statements were made in the course of a judicial or quasi-judicial proceeding, they are privileged.

### AFFIRMATIVE DEFENSE NUMBER TWENTY- THREE

Defendant TLG has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant TLG further reserves the right to amend its answer and defenses accordingly and to delete defenses that it determines are not applicable during the course of discovery.

### AFFIRMATIVE DEFENSE NUMBER TWENTY -FOUR

To the extent Plaintiffs are attempting to maintain a collective, representative or class action under the FLSA, Title VII or the Florida Human Rights Act, Plaintiffs cannot establish the existence of any similarly situated individuals willing and/or eligible to participate as party-Plaintiffs in this lawsuit, nor can Plaintiffs establish entitlement to class certification or notification.

WHEREFORE, having fully answered the Complaint and having raised legal defenses thereto, Defendant TLG respectfully requests that this action be dismissed with prejudice in its entirety, that judgment be entered in favor of Defendant TLG, and that Defendant TLG be awarded its costs, including reasonable attorney's fees incurred in defending this lawsuit.

### CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Schwarzberg & Associates, (Attorneys for Plaintiff) Steven L. Schwarzberg, Esq.,

2751 South Dixie Highway, Suite 400, West Palm Beach, FL 33405, Telephone (561) 659-3300;

Facsimile (561) 693-4540.

<div style="margin-left: 45%;">

s/ Cheryl L. Wilke
_____

Cheryl L. Wilke
Florida Bar No. 893780
cwilke@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: ablitz@hinshawlaw.com
Office: ftllitigation@hinshawlaw.com
Attorneys for Defendant, Travel Leaders
Group, LLC

</div>

301936755v1 1008006